UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                              **CIVIL ACTION**

**VERSUS**                                                    **NUMBER 10-625-RET-DLD**

**MELVA CAVANAUGH & LOUISIANA
SUPREME COURT**

## MAGISTRATE JUDGE'S REPORT

Plaintiff, appearing *pro se*, brings this action against Justice of the Peace Melva Cavanaugh, and the Louisiana Supreme Court. The court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915, and now reviews the claims brought by plaintiff in his complaint.

*Standard of Review*

Pursuant to 28 U.S.C. §1915(e), this Court shall dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See G*reen v. McKaskle,* 788 F.2d 1116 (5th Cir. 1986). An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995). The court has broad discretion in determining the frivolous nature of a complaint. *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). This discretion includes not only the "authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitze,* at 327. A §1915(e)

dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, supra.

### *The Instant Complaint*

At some point in 2005, an eviction case against plaintiff was filed in the Justice of the Peace Court, Ward III, District II (case no. 2005-7029 - Munir Ali v. Kelvin Wells), where defendant Cavanaugh was the original presiding judge.  On November 9, 2005, Justice Catherine Kimball of the Louisiana Supreme Court ordered that an *ad hoc* justice of the peace be assigned to plaintiff's case upon Cavanaugh's request and recusal.  On November 11, 2005, that order was filed into the record of the Justice of the Peace court.[1]  Subsequent to Justice Kimball's order, on November 14, 2005, plaintiff deposited a $830.00 bond for his case into the registry of the Justice of the Peace court. (rec. doc. 1, pgs 5 &6)

It is unclear from the complaint what happened next, but it is apparent that the outcome of the eviction hearing was appealed to the 19th Judicial District Court because on March 16, 2006, Judge Janice Clark of the 19th Judicial District Court heard oral argument in the case of *Kelvin Wells v. Melva Cavanaugh and Munir Ali* ( 538-005, Division D), and remanded the matter for a determination of the recusal motion regarding Justice Cavanaugh. (rec. doc. 1, pg 4)

At this point, plaintiff's complaint jumps forward to his allegations against the Louisiana Supreme Court.  Plaintiff alleges that the Louisiana Supreme Court covered up "the matter" by denying his pleadings in *another* case, no. 2010-C-1072*,* which plaintiff

---

[1] Plaintiff stresses in two places in his complaint that this filing took place on a federal holiday (Veterans Day) when he believes all courts are closed, but he fails to present any argument regarding the materiality of this action, or how his constitutional rights were violated by the filing into the record of a court order.  The court thus finds the argument to be frivolous.

contends is a "gross departure from proper judicial proceedings, abusing powers with erroneous interpretations in order to violated clearly established constitutional rights of which reasonable persons would have known." (rec. doc. 1, pg 2) The allegations against the Louisiana Supreme Court appear to be based on a letter plaintiff received from the Judiciary Commission of Louisiana, dated July 29, 2010, concerning plaintiff's appeal of the Office of Special Counsel's decision to screen out the complaint plaintiff lodged against Cavanaugh. In the letter, the Commission affirmed the screening decision and closed the file. According to the letter, Judge Clark was mistaken about Cavanaugh's failure to recuse, and noted that the eviction case was tried before another justice of the peace. Also according to the letter, the appeal of the eviction case to the 19th Judicial District Court has not yet been decided because the matter had been remanded for hearing on the recusal motion. The Judiciary Commission thus advised plaintiff to advise Judge Clark that Justice Cavanaugh had recused herself before trial on the eviction case, so that the appeal could move forward, and so that the "appeal bond in the registry of the justice of the peace court may be distributed accordingly." (rec. doc. 1, pg 7)

### *GOVERNING LAW AND ANALYSIS*

It is unclear from the record whether or not plaintiff attempted to move forward with his appeal of the eviction case as advised by the Judiciary Commission. Instead, it appears from the instant complaint that plaintiff instead chose to file a lawsuit in this court, alleging that defendants violated his due process rights under the 5th Amendment of the United States Constitution and violated his equal protection rights under the 14th Amendment of the United States Constitution. Specifically, plaintiff alleges that Justice Cavanaugh refused to return over $1,500.00 in bond monies which was placed in case no. 2005-7029, the

underlying eviction case pending in the Justice of the Peace Court, Ward III, District II, and that this refusal to return the monies happened after she recused herself in that case. Plaintiff also alleges that the monies were to be deposited in the "District Court" registry, and although plaintiff does not elaborate on why these monies were to be deposited in another registry, it may be surmised, based on the Judiciary Commission's letter to plaintiff, that it was plaintiff's intent to proceed with an appeal of the eviction case.  Plaintiff's complaint against the Louisiana Supreme Court appears to arise out of actions taken in yet another case, no. 2010-C-1072, but plaintiff fails to provide any facts regarding this action, other than plaintiff's assertions that his case was denied in that matter, and his due process and equal protection rights therefore were violated. Thus, given the sparse facts before this court, the record in the instant matter supports a finding that the actions complained of all relate to the eviction proceeding that lies at the heart of plaintiff's grievances, in particular, the retention of bond monies by the Justice of the Peace court.

There are two major problems, however, with plaintiff's instant lawsuit.  First, plaintiff already filed an earlier lawsuit in this court complaining about Cavanaugh's retention of the bond money. In *Wells v. Munir Ali and Melva Cavanaugh*, 06-00400-JVP-DLD, plaintiff specifically alleged that:

> Melva Cavanaugh, . . . also violating the Civil Rights Act of 1964, while acting outside or clear absence of jurisdiction in case no. 2005-7029 in Justice of the Peace Court had plaintiff evicted which was overturned in the 19th Judicial District Court, Cavanaugh is still holding monies that belong to plaintiff in retaliation against him.  Cavanaugh is not immune from damages under Civil Rights Statues, in particular, 42 U.S.C. & 1983.

(Case No. 06-00400-JVP-DLD, rec. doc. no. 1, pp. 1-2, para. B.)  In his statement of damages in the complaint of that case, plaintiff also listed "Loss of monies held by

Cavanaugh and Ali." *Id.*, p. 2.  Thus, as this court already issued a decision on this claim and issue, the court must determine the preclusive effect of a prior federal court judgment, and that effect is controlled by federal *res judicata* rules. *See Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir.2000); *Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 664 (5th Cir.1994).

### *Res Judicata and Collateral Estoppel Effects of a Prior Judgment*

The rule of res judicata encompasses two separate but related preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion. *Test Masters Educ. Svc, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir.2005) (citation omitted), *cert. denied*, 547 U.S. 1055, 126 S.Ct. 1662, 164 L.Ed.2d 397 (2006). "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Id*. A prior judgment is given *res judicata* effect if the following four elements are present: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Id.* (citation omitted). "Issue preclusion or collateral estoppel is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir.), *citing In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir.1999), *cert. denied*, 126 S.Ct. 416 (2005).

With regard to Justice Cavanaugh, the district court dismissed the case against her on May 13, 2008, regarding the same retention of bond monies, under the doctrines of

Eleventh Amendment immunity[2] and judicial immunity,[3] along with the *Rooker-Feldman* doctrine.[4] (Case No. 06-00400-JVP-DLD, rec. doc. 43) Plaintiff now brings the same claim in the instant lawsuit against Justice Cavanaugh; however, the new lawsuit against Justice Cavanaugh meets the four elements regarding the *res judicata* effects of the prior judgment: the parties are identical; the earlier judgment was rendered by a court of competent jurisdiction; the prior judgment was on the merits; and the same claim was involved. Additionally, the present lawsuit meets the three elements necessary for *collateral estoppel*: the identical issue regarding the retention of the bond monies was previously adjudicated; the issue was actually litigated, and the previous determination was necessary to the decision. Thus, as a federal court already has adjudicated this claim and issue, plaintiff is barred from bringing the same claim and issue against Justice Cavanaugh regarding the

---

[2] In the Fifth Circuit, Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself, which is the case here. *See New Orleans Towing Association, Inc. v. Foster*, 248 F.3d 1143 (5th Cir. 2001), *citing Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)

[3] Judicial acts taken by Justice Cavanaugh were within the scope of her duty as a justice of the peace; as such, Justice Cavanaugh enjoys absolute immunity from suits for damages. *See, e.g. Nichols v. McKelvin*, 52 F.3d 1067 (5th Cir. 1995)

[4] The *Rooker-Feldman* doctrine is a rule of law derived from the Supreme Court's holdings in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The Fifth Circuit has described the doctrine as follows:

> [T]hat doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs, the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation "federal district court[s], as court[s] of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]."

retention of the bond monies, and the complaint is subject to dismissal as lacking an arguable basis in law (*i.e.*, plaintiff's complaint is legally frivolous).

### *The Rooker-Feldman Doctrine*

Second, plaintiff's case has a subject matter jurisdictional problem in that his only allegations against both Justice Cavanaugh and the Louisiana Supreme Court concern constitutional violations which arose in his state court proceedings. Under the *Rooker-Feldman* doctrine, all constitutional questions arising in state court proceedings are to be resolved by the state courts, and the only proper method of appeal is solely by an application for a writ of ceriorari to the United States Supreme Court.[5]  In this case, plaintiff chose to proceed before this court; however, under the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction to hear his complaint.  Thus, the complaint again is subject to dismissal as frivolous as it lacks an arguable basis in law.

### *CONCLUSION*

For the above reasons, it is the recommendation of the magistrate judge that this lawsuit be **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915(e).

Signed in Baton Rouge, Louisiana, on October 4, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[5]*See* footnote 4 for a complete explanation of this doctrine.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                  **CIVIL ACTION**

**VERSUS**                                        **NUMBER 10-625-RET-DLD**

**STATE OF LOUISIANA, ET AL**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 4, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**